## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

L.A. DAVIS and SARAH DAVIS,
husband and wife, and d/b/a
D&D EQUIPMENT

      Plaintiffs,

v.                                No. 13cv00982 WJ-CG

SECRETARY UNITED STATES
DEPARTMENT OF THE AIR FORCE,

      Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING
## DEFENDANT'S MOTION TO DISMISS COMPLAINT

**THIS MATTER** comes before the Court upon Defendant's Motion to Dismiss
Complaint for Damages Pursuant to the Federal Tort Claims Act (28 U.S.C. § 1346) **(Doc. No.
17)**, filed June 19, 2014 and Memorandum in Support thereof, filed June 19, 2014 **(Doc. No. 18)**.
Having considered the parties' briefs[1] and the applicable law, the Court finds that Defendant's
motion is well-taken and, therefore, is GRANTED.

### Background

This matter arises out of a grass fire on November 30, 2005 that resulted from a practice
bombing conducted by the United States Air Force on the bombing range in Melrose, New
Mexico.   The fire spread over approximately 26,000 acres of land, including onto Plaintiffs'
property.  Between December 1, 2005 and July 18, 2006, the Air Force, pursuant to the Military
Claims Act ("MCA"), specifically 10 U.S.C. § 2736, and Plaintiffs' request, made four separate

---

[1]   Defendant's Reply is not yet due.  However, the Court feels it has enough information to rule on this issue
without the Reply.  Further, because the Court is ruling in Defendant's favor, Defendant is not prejudiced by not
being able to file a Reply.

advance payments of anticipated claims to Plaintiffs, L.A. Davis and Sarah Davis, totaling $54,715.03 and three separate advance payments of anticipated claims to D & D Equipment totaling $29,550.00.  On each occasion, Plaintiffs signed an Advance Payment Agreement that obligated them to refund the amounts advanced if the Air Force was unable to settle their claims. On November 30, 2007, the last day of the two year statute of limitations under the Federal Tort Claims Act ("FTCA") 28 U.S.C. § 1346, *et seq.* for filing an administrative claim, Plaintiffs L.A. Davis and Sarah Davis filed a claim for $927,834.83 and Plaintiff D & D Equipment filed a claim for $437,880.00.  The Air Force adjudicated each claim under the MCA, 10 U.S.C. § 2733, an *ex gratia* statute that permits the payment of claims for damages caused by uniquely military activities not involving combat, such as aerial bombardment training, without a showing of negligence.

The Air Force ultimately determined that Plaintiffs' damages were less than what they were demanding and offered to settle the claims for the amounts that had been advanced to Plaintiffs.  They rejected this settlement offer and continued to maintain their damages were higher than the amounts already paid.  Because the Air Force was of the opinion that Plaintiffs failed to substantiate their claimed damages despite its requests that they do so, the Air Force denied each claim by certified letter dated January 23, 2013. The letters stated the claims were denied under both the MCA and the FTCA, advised Plaintiffs they had six months to file suit under the FTCA, and pursuant to Air Force instructions implementing the MCA, advised Plaintiffs they could submit a request for reconsideration within 60 days. Plaintiffs submitted requests for reconsideration, but the Air Force determined that the claims for additional damages were still not sufficiently proven and maintained the advance payments covered all damages. Plaintiffs refused to accept this amount.  Consequently, the Air Force denied each claim by

letters dated March 13, 2013. Each letter was sent by certified mail with return receipts requested. The certified mail receipts show Plaintiffs received the letters on March 22, 2013. Plaintiffs filed their Complaint for Damages on October 9, 2013. (**Doc. No. 1**).

**Discussion**

## I.      Legal Standard

"[T]he United States may not be sued without its consent and ... the existence of consent is a prerequisite for jurisdiction." United States v. Mitchell, 463 U.S. 206, 212 (1983). "[T]he United States can be sued only to the extent that it has waived its immunity."      United States v. Orleans, 425 U.S. 807, 814 (1976). The FTCA waives sovereign immunity and allows private parties to sue the United States government under defined conditions.      See United States v. Kubrick, 444 U.S. 111, 117–18 (1979).  The FTCA also contains its own statute of limitations:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C.A. § 2401 (b).[2]

## II.      Plaintiffs' Claims are Time-Barred, Therefore the Court Lacks Subject Matter Jurisdiction Over this Lawsuit

Defendant argues that Plaintiffs' FTCA claim is time-barred under Section 2401(b), because Plaintiffs failed to file the instant suit with six months of the March 13, 2013 letter.  As a preliminary matter, the Court notes it did not consider Plaintiffs' arguments that addressed the merits of their damages claims as the damage claims do not bear upon the issue of the statute of

---

[2]     Defendant acknowledges that Plaintiff brought the suit within two years after the action accrued.  However, Section 2401 creates two jurisdictional hurdles: 1) that the complaint be brought to the agency's attention within two years of accrual; and 2) the lawsuit be filed within six months of the agency's final decision. Indus. Constructors Corp. v. U.S. Bureau of Reclamation, 15 F.3d 963, 967 (10th Cir. 1994) ("A tort claim against the United States is barred unless it is presented to the proper agency within two years of its accrual *and* suit is commenced within six months of notice of the claim's denial by the agency.") (emphasis added).

3

limitations.  Plaintiffs argue that the statute of limitations for FTCA claims is not jurisdictional and therefore, can be waived through equitable tolling.  Plaintiffs point to decisions from several other circuits which held that the FTCA statute of limitations is not a jurisdictional prerequisite for suit and equitable tolling may be applied to untimely FTCA claims.  Prominently lacking in Plaintiffs' Response, however is Tenth Circuit case law on this issue.[3]  The Tenth Circuit has unequivocally stated:

> Timeliness of suit is one of the conditions of the government's waiver of sovereign immunity under the FTCA, and the district court lacks subject matter jurisdiction to proceed under the FTCA if a plaintiff fails to satisfy the FTCA's timing requirements set forth in § 2401(b).  The doctrine of sovereign immunity precludes suit against the United States without the consent of Congress; the terms of its consent define the extent of the court's jurisdiction. The applicable statute of limitations is a term of consent. The plaintiff's failure to sue within the period of limitations is not simply a waivable defense; it deprives the court of jurisdiction to entertain the action.

Franklin Sav. Corp., In re, 385 F.3d 1279, 1287 (10th Cir. 2004) (citation omitted).

The cases cited by Plaintiffs relied on the conclusion that the timely filing of a FTCA claim is not a jurisdictional requirement.  However, the Tenth Circuit reached the opposite conclusion.  See id.  It is well established that jurisdictional requirements are not subject to equitable tolling.  United States v. Reeves, 500 F. App'x 795, 797 (10th Cir. 2012) cert. denied, 133 S. Ct. 1510, 185 L. Ed. 2d 562 (U.S. 2013) ("A non-jurisdictional time limit, unlike a jurisdictional time limit, may be subject to waiver, estoppel or equitable tolling.") (unpublished); Nahatchevska v. Ashcroft, 317 F.3d 1226, 1227 (10th Cir. 2003) (noting where filing of a timely petition for review was a jurisdictional requirement for a claim, equitable tolling could not apply). Accordingly, Plaintiffs' arguments about equitable tolling are unavailing.

---

[3] Plaintiffs do cite to a Supreme Court case, Irwin V. Department of Veterans Affairs, 498 U.S. 89 (1990) in support of their equitable tolling argument.  However, Irwin was not an FTCA case, and its discussion of equitable tolling in claims against the Government is not applicable here.  The additional cases cited by Plaintiff which did not concern FTCA claims are equally inapplicable.

Plaintiffs also argue that the March 13, 2013 letters were not clearly final denials because the letters contained settlement offers. The Court notes that the letters do in fact contain language that if Plaintiffs were to agree to the amounts that was previously paid, they could submit a form accepting the settlement offers. However, the last paragraph of each letter states:

> This is the final denial of your claim under the Military Claims Act. As such, it satisfies the exhaustion of administrative remedies prerequisite to filing a civil lawsuit under the Federal Tort Claims Act (FTCA), Title 28, United States Code, Sections 1346(b) and 2671-2680. If you are dissatisfied with this decision, you may file suit in an appropriate United States District Court not later than six months after the date of the mailing of this letter.

**(Doc. No. 18-5)**, p. 2.

Further, these letters, unlike the earlier January letters, do not provide information about seeking a reconsideration of the decision. Therefore, there should have been no confusion about whether there were additional steps to be taken with the Air Force itself. The Court finds that each letter clearly and unequivocally stated that it was the final decision by the Air Force and each letter notified Plaintiffs in clear and unambiguous language that they had six months from the March 13, 2014 date to file suit in federal court.[4] Plaintiffs do not dispute the timeline beyond their assertion that the March 13th letters were not clearly a final agency denial. Plaintiffs did not file suit until October 9, 2013, nearly a month after the expiration of the six month deadline. While the Court is sympathetic to Plaintiffs considering they filed fairly close to the deadline, the Court has no power to confer subject matter jurisdiction where the jurisdictional prerequisite of a timely filing is lacking. Plaintiffs failed to file this suit within six

---

[4] As part of their equitable tolling argument, Plaintiffs argue that Air Force employees told them that they did not need a lawyer and the Air Force would work with them to resolve this claim. Even assuming that these statements were made, the unambiguous language of the March 2013 letter cured any confusion that might have arisen from these statements. It was apparent from the letter that the Air Force had completed any resolution of the issue. Plaintiffs' argument that they resubmitted their documents on March 1, 2013 also fails, because the final denial letter was sent after the documents were received. Thus, Plaintiffs were on notice that their March 1st submittal did not change the Air Force's decision. Finally, Plaintiffs' allegations that the Air Force threatened to collect the advance payments have no bearing on the statute of limitations.

month from the mailing of the agency's final denial.  Accordingly, the Court finds that it has no jurisdiction over Plaintiffs' FTCA claims.  Because the Complaint is based exclusively on the FTCA, Plaintiffs' Complaint is dismissed in its entirety with prejudice for lack of subject matter jurisdiction.

THEREFORE, IT IS ORDERED, that Defendant's Motion to Dismiss **(Doc. No. 17)** is **GRANTED**.

IT IS FURTHER ORDERED, Plaintiff's Complaint is dismissed in its entirety.  A separate judgment consistent with this decision shall issue.

_____
UNITED STATES DISTRICT JUDGE