IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

L.A. DAVIS, and SARAH DAVIS,
husband and wife doing business as
D & D Equipment,

    Plaintiffs,

v.                                                                                          No.  CV-13-0982 WJ-CG

UNITED STATES DEPARTMENT
OF AIR FORCE, Cannon Air Force Base,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

THIS MATTER comes before the Court upon Defendant's Motion for Summary Judgment, filed November 22, 2016 **(Doc. 54)**. Having reviewed the parties' pleadings and the applicable law, the Court finds that Defendant's motion is well-taken and, therefore, is GRANTED.

**BACKGROUND**

In this case, Plaintiff is suing Defendant, the United States Department of Air Force ("Air Force") for damages to property under the Federal Tort Claims Act, 28 U.S.C. §1346 ("FTCA"). The Court previously dismissed this case in its entirety when, on July 17, 2014, the Court granted Defendant's motion to dismiss based on Plaintiffs' failure to file this lawsuit within the statute of limitations (Doc. 25), acknowledging then-existing precedent which holds that jurisdictional requirements are not subject to equitable tolling. *Nahatchevska v. Ashcroft*, 317 F.3d 1226, 1227 (10th Cir. 2003) (noting where filing of a timely petition for review was a jurisdictional requirement for a claim, equitable tolling could not apply). The Court found that it

had no jurisdiction over Plaintiff's complaint because Plaintiff failed to file this lawsuit within the six-month limitations period from the mailing of the agency's final denial.

The factual background in this case has not changed since the Court's ruling on the limitations issue. What has changed in the interim is the law. During the pendency of Plaintiff's appeal of the Court's dismissal of this lawsuit to the Tenth Circuit Court of Appeals, the United States Supreme Court decided *United States v. Kwai Fun Wong,* 135 S.Ct. 1625 (2015), which held that the FTCA's statute of limitations is not jurisdictional and as a result, the statute of limitations may be equitably tolled in appropriate circumstances. On May 4, 2015, the Tenth Circuit issued its mandate remanding the case to this court for further proceedings in light of the *U.S. v. Wong* decision.

## I. Undisputed Facts[1]

Plaintiffs are residents of Clovis, New Mexico, and are suing the Air Force for damage to their home and property which occurred as a result of a range fire that started on the Melrose Bombing Range in New Mexico in November 2005. The range fire spread over 26,000 acres of land including Plaintiffs' property. Plaintiffs allege that Defendant failed to exercise reasonable care in the practice bombings on the range and failed to warn Plaintiffs of the possibility and dangers associated with the fire.

Between December 1, 2005 and July 18, 2006, the Air Force, pursuant to 10 U.S.C. §2736 of the Military Claims Act ("MCA") and Plaintiffs' request, made four separate advance payments of anticipated claims to Plaintiffs, L.A. Davis ("Mr. Davis") and Sarah Davis, totaling $54,715.03 and three separate advance payments of anticipated claims to D & D Equipment

---

[1] References to supporting exhibits will be excluded, since they are included in the parties' briefs.

totaling $29,550.00.[2]  On each occasion, Plaintiffs signed an Advance Payment Agreement that obligated them to refund the amounts advanced if the Air Force was unable to settle their claims. On November 30, 2007, the last day of the two-year statute of limitations under the FTCA for filing an administrative claim, Plaintiffs L.A. Davis and Sarah Davis filed a claim for $927,834.83 and Plaintiff D & D Equipment (Mr. Davis' business) filed a claim for $437,880.00.

The Air Force ultimately determined that Plaintiffs' damages were less than what they were demanding and offered to settle the claims for the amounts that had been advanced to Plaintiffs. Plaintiffs rejected this settlement offer and continued to maintain their damages were higher than the amounts already paid.  Because the Air Force was of the opinion that Plaintiffs failed to substantiate their claimed damages despite its requests that they do so, the Air Force denied each claim by certified letter dated January 23, 2013.  The letters stated that the claims were denied under both the MCA and the FTCA, advised Plaintiffs they had six months to file suit under the FTCA, and pursuant to Air Force instructions implementing the MCA, advised Plaintiffs they could submit a request for reconsideration within 60 days. Plaintiffs submitted requests for reconsideration, but the Air Force determined that the claims for additional damages were still not sufficiently proven and maintained the advance payments covered all damages. Plaintiffs refused to accept this amount. Consequently the Air Force denied each claim by letters dated March 13, 2013. Each letter was sent by certified mail with return receipts requested.  Each letter contained the following language at the conclusion:

> This is the final denial of your claim under the Military Claims Act. As such, it satisfies the exhaustion of administrative remedies prerequisite to filing a civil lawsuit under the Federal Tort Claims Act (FTCA), Title 28, United States Code, Sections 1346(b) and 2671-2680. **If you are dissatisfied with this decision, you**

---

[2]  Section 2733 of the MCA is an *ex gratia* statute that permits the payment of claims for damages caused by uniquely military activities not involving combat, such as aerial bombardment training, without a showing of negligence.

> **may file suit in an appropriate United States District Court not later than six months after the date of the mailing of this letter.**

Exs. J & K (emphasis added). The certified mail receipts show Plaintiffs received the letters on March 22, 2013. Plaintiffs filed their Complaint for Damages on October 9, 2013.

## II.     Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it could have an effect on the outcome of the suit. *Smothers v. Solvay Chems., Inc*., 740 F.3d 530, 538 (10th Cir. 2014). A dispute over a material fact is genuine if the evidence presented could allow a rational jury to find in favor of the nonmoving party. *EEOC v. Horizon/CMS Heathcare Corp*., 220 F.3d 1184, 1190 (10th Cir. 2000). A court is to view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007). A court cannot weigh the evidence and determine the truth of the matter, but instead determines whether there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 243 (1986).

## DISCUSSION

Many of the facts presented in the parties' briefs are irrelevant to the sole question in this motion which is whether Plaintiffs timely filed their lawsuit. The Court may therefore ignore any factual disputes asserted by Plaintiffs which are related to the substantive issues. For example, Plaintiffs dispute whether their damages were either less than the amounts claimed or less than the advance payments, but this dispute goes to the merits of their claims. Plaintiff do not, however, dispute that in the certified letters sent to them by the Air Force on March 13, 2013, the Air Force denied their administrative appeal for their personal and business property loss claims and also specifically informed them that they had six (6) months to file a lawsuit

under the FTCA. They also do not dispute that they filed their lawsuit on October 9, 2013 or that it was filed outside of the six-month limitations period. The sole dispute here is whether this lawsuit is untimely based on equitable principles.

**I.      Impact of *U.S. v. Wong***

The United States can be sued only to the extent that it has waived its immunity." *United States v. Orleans*, 425 U.S. 807, 814 (1976). The FTCA waives sovereign immunity and allows private parties to sue the United States government under defined conditions. *See United States v. Kubrick*, 444 U.S. 111, 117–18 (1979). Section 2401 of the FTCA creates two jurisdictional hurdles: (1) that the complaint be brought to the agency's attention within two years of accrual; and 2) that the lawsuit be filed within six months of the agency's final decision. *Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 967 (10th Cir. 1994) ("A tort claim against the United States is barred unless it is presented to the proper agency within two years of its accrual and suit is commenced within six months of notice of the claim's denial by the agency."); 28 U.S.C. §2401(b).

The issue in *U.S. v. Wong* was whether the time to file in federal court *after* administrative exhaustion is jurisdictional, not whether administrative exhaustion itself is jurisdictional. *See Cummings v. United States,* 651 Fed.Appx. 822, 827 (10th Cir. 2016). There is no dispute that Plaintiffs timely exhausted the administrative process, and so the holding in *U.S. v. Wong* is relevant in this case. While Plaintiffs are correct that *U.S. v. Wong* permits untimely filing, they must still meet equitable tolling requirements which have always been available to plaintiffs in appropriate circumstances. In *Wong,* the Supreme Court recognized that the limitations language was similar to other non-jurisdictional statutes, and that FTCA's "core

language" that a tort claim "shall be forever barred" addresses a claim's timeliness, but has no jurisdictional significance:

> It does not define a federal court's jurisdiction over tort claims generally, address its authority to hear untimely suits, or in any way cabin its usual equitable powers. Section 2401(b), in short, "reads like an ordinary, run-of-the-mill statute of limitations," spelling out a litigant's filing obligations without restricting a court's authority.

*U.S. v. Wong,* 135 S.Ct. at1633.  In other words, despite the emphatic tone of "forever barred," §2401(b) "reads like an ordinary, run-of-the-mill statute of limitations," spelling out a litigant's filing obligations without restricting a court's authority.  *Id.* (citation omitted).  The Supreme Court found nothing in the statutory context or legislative history of the provision indicating that §2401(b) was anything "other than a standard time bar" found in many statutes:

> As this Court has repeatedly stated, nothing about § 2401(b)'s core language is special; "shall be forever barred" is an ordinary (albeit old-fashioned) way of setting a deadline, which does not preclude tolling when circumstances warrant.

*U.S. v. Wong*, 135 S.Ct. at 1638 (U.S.) (citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89 (1990)). Therefore, the impact of *U.S. v. Wong* does not change the legal landscape, but clarifies that the purpose of §2401(b) is to set out a filing deadline that has no effect on whether district courts have the authority to hear untimely suits.  In *Benally v, United States,* 2015 WL 10987109 (D.N.M.), United States District Judge Martha Vazquez summed up the consequences of *U.S. v. Wong* succinctly:

> Nothing in [the *Wong* decision], however, represents a significant departure from prior Supreme Court precedent. To the contrary, the Court in *Wong* explained that in *Irwin v. Dept. of Veterans Affairs*, it had already held that the "rebuttable presumption of equitable tolling should also apply to suits brought against the United States under a statute waiving sovereign immunity." In this way, *Wong* is merely the logical application of *Irwin* to the time bar included in the FTCA.

*Benally v. United States,* 2015 WL 10987109, *3.

**II.     Equitable Tolling**

Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. *Barnes v. U.S.*, 776 F.3d 1134 (10th Cir. 2015).

Plaintiffs assert their lawsuit was timely under the law of equitable tolling. They make two arguments: first, that they were "confused" regarding the filing deadline by a telephone call they had with Katherine Malowney, the Air Force attorney who was assigned to their claims; and second, that they were "lulled" into inaction by the Air Force.

A.  Diligence in Pursing Claims

Plaintiffs rely on deposition evidence to support their argument that their lawsuit was timely filed. They claim that on or about March 1, 2013, they sent a package to the Air Force containing:

> all prior correspondence, responses and documents again attempting to provide all the documents they were able to obtain. Then on March 13, 2103 the defendant sent a letter to Plaintiffs again advising of a second final denial. Because the March 1, 2013 and March 13, 2013 letters appeared to have crossed in the mail, Plaintiffs assumed negotiations were still in play.

Doc. 55 at 3-4. Plaintiffs further claim that they told the Air Force that they were confused regarding the deadline by the telephone call with Ms. Malowney in March of 2013 in which the "booklet" they had sent to her was discussed. *Id.* at 4, Pltffs' Add'l Fact 19.

According to Plaintiffs, they called Ms. Malowney after March 13, 2013 (which is the date of the letter sent by Defendant advising Plaintiffs of a second final denial), and that she had informed them that their "packet" was being reviewed. Ex. 5 at109:2-15. Plaintiffs contend that based on these purported representations, they believed they would be afforded an additional 30-day period to file. They also claim that the documents which they sent on March 1, 2013 in response to the January 2013 denial letters "crossed in the mail" with the March 13, 2013 second

final denial letters sent by Defendant, and that this led them to assume that the Air Force was still reviewing their claims, even after receiving the final set of denial letters on March 22, 2013.

There are two problems with the evidence presented by Plaintiffs. First, the Court agrees with Defendant that the deposition testimony regarding statements made by Ms. Malowney does not fall into admissible evidence because it was not actually perceived or observed by the witness—in this case, either Plaintiff. *See Lancaster v. Indep.Sch.Distr. No. 5 et al.,* 149 F.3d 1228, 1236 (10th Cir 1998) (Rule 56 precludes the use of inadmissible hearsay testimony in depositions submitted in opposition to, summary judgment). Also, Plaintiffs claim that they obtained assurance from Ms. Malowney that their claims were pending in March 2013, but there is no actual proof of those conversations with either phone or other business records. Second, even if the Court were to consider this evidence, it is not sufficient to rebut the evidence presented by Defendant on the key material facts: both sets of Defendant's denial letters were received by Plaintiff, and both contained identical and clear language informing Plaintiffs of the six-month filing deadline.

Plaintiffs cannot meet the first factor for equitable tolling requiring a showing that they were diligent in filing their lawsuit. Undoubtedly, they worked hard to document their claims for their personal property and business property losses. However, once they were told they needed to file suit in federal court if they were not satisfied, Plaintiffs did not pursue their rights with any urgency, but instead made unfounded "assumptions" about the time that was available to them. Even taking Plaintiffs' contentions at face value, their "confusion" is unfounded because it means that Plaintiffs ignored the information in the certified letters they received on March 22, 2013 informing them of the denial of their claims and the six-month filing deadline. According to Mr. Davis' deposition testimony, Plaintiffs made a phone call to Ms. Malowney after March

13, 2013. Ex. 5 at 110-25-111:1.  It is unknown, however, whether the call was made before or after March 22, 2013, when Plaintiffs received the March 13, 2013 letters from Defendant.  Mr. Davis stated that he did not speak with Ms. Malowney about the March 13, 2013 letter "because I was just mainly trying to find out if she had got my package." Ex. 5 at 110:14-17.  If Plaintiffs spoke with Ms. Malowney *after* receiving the March 13, 2013 letters, then one may reasonably wonder why Plaintiffs did not mention those letters. Reasonable diligence should have motivated Plaintiffs to inquire about the March 13, 2013 letters in their conversation with Ms. Malowney, especially if they were purportedly told that their packet was still being reviewed.  If Plaintiffs spoke with Ms. Malowney *before* receiving the second set of denial letters on March 22, 2013, then it would make no sense for Plaintiffs to assume that their packet was still under review, since those letters would have made it clear that their claims had not been resolved in their favor. Moreover, if Plaintiffs were indeed "confused" about their legal rights, there is no evidence that they expressed this to either Ms. Malowney or any other Air Force representative.

     Under either scenario, there is no plausible explanation for why Plaintiffs would assume they were being afforded an additional thirty days to file and there is no basis for any "confusion" under the undisputed facts. The evidence presented by Plaintiffs, even if it is considered to be admissible, does not support Plaintiffs' statement that they somehow assumed that settlement negotiations were still on-going.  The notice they received from the Air Force was specific, final, unequivocal and easily understood by someone who is not an attorney.  Plaintiffs do not dispute receiving the final denial letters in March 2013.  They do not dispute that the letters contained specific language communicating that these were final denials and that they had to file suit in U.S. District Court no later than six months from the date of the letters.  In his deposition, Mr. Davis acknowledged receiving the letters and that he understood the respective

paragraphs in each letter that stated the filing deadlines. Ex. A (Davis Depo.) at 89:19-25. He testified similarly about the denial letter for their business property loss, and understood that they had to file in district court within six months of the letter. Ex. 5 at 93:12-17; Ex. A at 90:13-14 (acknowledging that the letters "said I had to file in court if I was going to do anything further").

### B.     Extraordinary Circumstances

Plaintiffs second point—that they were "lulled into inaction" by the Air Force—is not supported by the record. Plaintiffs contend that their final appeal sent to the Air Force on March 1 coupled with a purported phone call to Air Force representative Kathy Malowney which was made some time later, led them to believe that they had additional time to negotiate or that they would receive additional written communications from her. Ex. 5 (Davis Depo.) at 109:23-25; 110:1-8; 111:6-9 ("I figured I'm in there for another 30 days, minimum"). However, even if the Court accepts Plaintiffs' testimony regarding this call as admissible, this evidence does not show anything extraordinary going on here. Plaintiffs simply chose to assume what they wanted to assume. Mr. Davis believed he had an additional 30 days for filing, but admitted in his deposition that he never asked Ms. Malowney about the March 13, 2013 letter, and there is no evidence that he expressed any "confusion" about the deadlines or the process to any Air Force representative. None of this evidence suggests that Defendant deceived Plaintiffs or caused them to delay a timely filing of this lawsuit.

Plaintiffs cite to a case which is actually a good example of a situation where a federal agency's actions caused a delay in a plaintiff's filing of a federal lawsuit. In *Glarner v. U.S. Dept. of Veterans Admin.*, the Sixth Circuit found that the statute of limitations in a veteran's claim against the Veteran's Administration for medical malpractice was equitably tolled, based on the agency's conduct. 30 F.3d 697 (6th Cir. 1994). In that case, the Veteran's Administration

had failed to furnish the veteran with a form for filing of FTCA claim and failed to inform him of his need to file one.  No similar conduct has occurred here.  In this case, the Air Force did not fail in any legal duty, or take any action which would cause Plaintiffs either to misunderstand their legal rights or to delay a timely filing of this lawsuit. Defendant informed Plaintiffs of their legal rights at each step taken and did so in very clear and comprehensible language.

The Government has met its burden of showing that Plaintiffs' lawsuit is untimely and that equitable tolling is not appropriate, and Plaintiffs have not offered any evidence to create a material issue of fact.  Defendant is therefore entitled to summary judgment on Plaintiffs' claims.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion for Summary Judgment **(Doc. 54)** is hereby GRANTED for reasons described in this Memorandum Opinion and Order.  Because this lawsuit is based exclusively on the FTCA, Defendant is entitled to summary judgment on all of Plaintiffs' claims. A separate Judgment consistent with this decision shall issue.

_____
UNITED STATES DISTRICT JUDGE